UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FABIAN WHITE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:17-cv-04273-JRS-DLP ) |
| ZATECKY, | ) ) ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS
CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT**

Fabian White's petition for a writ of habeas corpus challenges a prison disciplinary proceeding identified as ISR 17-01-0041. For the reasons explained in this Entry, Mr. White's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

1

## II. The Disciplinary Proceeding

ISR 17-01-0041 was initiated based on the following conduct report prepared by Lt. C. Conlon on January 5, 2017:

> On 1-5-17 at approx. 8:30AM Office [*sic*] Lawless called for assistance on the radio due to Offenders White#109158 and Bluestein#166225 were in a [*sic*] altercation that included Offender Bluestein running away from Offender White. After reviewing camera it was determined that Offender White was chasing offender Bluestein around the dorm with a weapon. It was determined prior to the weapon being presented that there was a physical altercation between the both offenders where they were seen exchanging punches.

Dkt. 12-1.

The hearing officer, M. Stamper, reviewed surveillance video of the incident and summarized his findings as follows:

> I M. Stamper did the video review. I witnessed offender Bluestein #166225 and offender White # 109152 punching each other in K-6, up towards the officer's office and the offender microwave. I also witnessed offender White as he was walking towards offender Bluestein appear to take some type of object out of his waist band of his sweat pants. After both offenders throw a few punches at one another, offender Bluestein then appears to be trying to get away from offender White. Offender White continues to chase after him until an officer steps into the dorm and gets offender Bluestein out of the dorm.

Dkt. 12-5.

Mr. White was charged with assault in violation of Code A-102 of the Indiana Department of Correction's (IDOC) Adult Disciplinary Process. Dkt. 12-2. At his hearing on February 14, 2017, Mr. White raised as a defense that he did not touch Mr. Bluestein. Dkt. 12-3. Officer Stamper found Mr. White guilty of attempted assault in violation of Codes A-102 (Assault/Battery) and A-111 (Conspiaracy/Attempting/Aiding or Abetting). Dkt. 12-3. Officer Stamper's hearing report indicates that he based his determination on the conduct report and his review of the video. *Id.* Officer Stamper assessed sanctions, including a written reprimand; 45 days' lost phone,

commissary, and kiosk privileges; one year's confinement to disciplinary segregation; deprivation of 360 days' earned credit time; and a demotion of one credit-earning class. *Id.*

Mr. White attests under penalty of perjury that he appealed his conviction to both the institutional and IDOC levels and was denied in each case. *See* dkt. 1 at 2, 8. The respondent disputes this assertion and has tendered records from its inmate conduct database indicating that no appeal was filed. *See* dkt. 12-4.

### III. Analysis

In his habeas petition, Mr. White raises the same argument he raised in the disciplinary proceeding: there was no evidence that he touched Mr. Bluestein with a weapon, so there was not sufficient evidence to support his conviction.[1] Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

---

[1] The Court acknowledges the respondent's argument that Mr. White failed to exhaust his administrative appeals. However, because that issue is in dispute, the Court has determined that the interests of justice and judicial efficiency are best served by proceeding to the merits of Mr. White's petition. *See Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (holding that the procedural bar "should ordinarily be considered first" but need not "invariably be resolved first") (applying *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997)).

The Adult Disciplinary Process shows that it is not necessary for an inmate to contact someone with a weapon in order to attempt an assault. Code A-102 prohibits an inmate from "[c]ommitting battery/assault upon another person with a weapon . . . or inflicting serious bodily injury." *See* IDOC, *The Disciplinary Code for Adult Offenders*, No. 02-04-102, at App'x I, § 102 (June 1, 2015) (available at https://www.in.gov/idoc/3265.htm). And Code A-111 prohibits an inmate from "[a]ttempting . . . to commit any Class A offense." *Id.* at § 111. The Code further defines "attempt" as:

> Planning to do something that would be a violation of these administrative procedures or any Department or facility rule, procedure or directive if the act had actually been committed or when an offender commits acts which showed a plan to violate these administrative procedures or a Department or facility rule, procedure, or directive when the acts occurred.

*Id.* at § III(C).

Based on this definition, there was at least some evidence to support Officer Stamper's conclusion that Mr. White attempted to assault Mr. Bluestein. Both the conduct report and Officer Stamper's video review indicate—and Mr. White does not dispute—that Mr. White punched Mr. Bluestein, pulled a sharp object from his pants, and chased after him. Officer Stamper could reasonably have concluded that these were acts showing that Mr. White planned to assault Mr. Bluestein with a weapon or inflict a serious bodily injury upon him.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Mr. White's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. White's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/30/2018

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

FABIAN WHITE
109152
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Evan Matthew Comer
INDIANA ATTORNEY GENERAL
evan.comer@atg.in.gov